IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SUSAN GREVE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-2169 KHV |
| | ) |
| RENZENBERGER, Inc. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the plaintiff, Susan Greve, by and through her attorney, Luis Mata of Randles & Mata, L.L.C., and for her claims against the defendant, states and alleges the following:

### PRELIMINARY STATEMENT

1. This is a complaint for declaratory relief, compensatory money damages, statutory damages, and attorneys fees brought against the defendant for conduct violative of the American with Disabilities Act, 42 U.S.C. § 12101-12213 ("ADA"), and for age related violations of the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq. ("ADEA").

### JURISDICTION AND VENUE

2. Jurisdiction of this action is founded upon 28 U.S.C. § 1331; 28 U.S.C. § 1332; and 28 U.S.C. § 1343.

3. Venue is proper in this court pursuant to 28 U.S.C. §1391 in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas, and since the defendant's business premises where plaintiff was employed are also located in the State of Kansas.

4. All conditions precedent to jurisdiction under the ADA and the ADEA have occurred or have been met. A true and correct copy of plaintiff's Notice of Suit Rights issued by the U.S. Equal Employment Opportunity Commission on January 26, 2007, is attached hereto.

## PARTIES

5. Plaintiff, Susan Greve, is now and was at all times material hereto, a female citizen of the United States and of the State of Missouri, residing at 141122 St. Andrews Drive, Grandview, Missouri 64030.

6. Defendant Renzenberger, Inc. is a Kansas for-profit corporation doing business at 143245 W. 95th Street, Lenexa, Kansas 66215. At all relevant times the defendant was an employer within the definitions and requirement of the ADA. and the ADEA.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

7. On or about October of 1998, the plaintiff began her employment with the defendant, and remained under the employment of the defendant until her unlawful discharge on March 15, 2006.

8. Plaintiff's work performance, at all relevant times, was consistent with defendant's legitimate expectations, and plaintiff had all the required qualifications for the work she was performing for the defendant, including as a supervisor for the defendant, and then more recently as a computer technician.

9. During all of the plaintiff's tenure with the defendant she was over 40 years of age, and was therefore within the protective umbrella against age discrimination provided for in the ADEA.

10. During significant segments of the plaintiff's employment with the defendant, the plaintiff was afflicted with a disabling condition which substantially limited one or more of her major life activities, as defined by the ADA.

11. Due to her disabling condition, the plaintiff requested reasonable work accommodation from the defendant, pursuant to the provisions of the ADA, but was denied her request for accommodation.

12. Plaintiff was not only denied reasonable work accommodation, but as a direct consequence of her request for accommodation she was forced to endure additional and unfair work assignments, and was subjected to unwarranted write-ups and disciplinary action, all done by the defendant for the purpose of discriminating and retaliating against the plaintiff.

13. No other similarly situated employee of the defendant was subjected to such unfair and discriminatory treatment.

14. In addition, prior to actually being diagnosed with a disability, the defendant began to perceive the plaintiff as a disabled individual, and subjected the plaintiff to disparate and discriminatory treatment of the basis of perceived disability.

15. The plaintiff was also subjected to disparate treatment on the basis of age, including her unwarranted termination from employment on March 15, 2006

16. As a direct and proximate result of the age and disability related discriminatory treatment which the plaintiff was being forced to endure while at work, the plaintiff developed physical and emotional impairments, which defendant not only failed to accommodate, but instead used as an excuse to retaliate against the plaintiff and terminate her employment.

17. Plaintiff was also subjected to unlawful retaliation for having requested accommodation under the A.D.A., and said requests for accommodation were improperly used by the defendant in their retaliation against the plaintiff by terminating her employment.

## CLAIM I: DISPARATE TREATMENT ON THE BASIS OF DISABILITY

18. Plaintiff incorporates by reference all of her allegations contained in paragraphs 1 through 17 of this complaint.

19. The defendant's treatment of the plaintiff, as more fully set out in paragraphs 10 through 13 of this complaint, constituted disparate and discriminatory treatment in violation of the American with Disabilities Act, 42 U.S.C. § 12101-12213.

20. Additionally, the defendant has engaged in a pattern and practice of disciplining and terminating the employment of disabled employees for improper reasons, and for reasons for which similarly situated non-disabled employees would not be disciplined or terminated.

21. Defendant not only failed to accommodate the plaintiff's impairments, but also retaliated against the plaintiff's actual or perceived disabilities by terminating her employment.

22. As a direct consequence of said disparate treatment, plaintiff is entitled to judgment against the defendant for all damages which she has incurred; for declaratory relief against defendant; for attorneys fees and costs, and for such other relief as the court deems proper and just under the circumstances.

## CLAIM II: DISCRIMINATION ON THE BASIS OF PERCEIVED DISABILITY

23. Plaintiff incorporates herein by this reference each and every allegation, averment and statement contained in 1 through 17 of this complaint.

24. The unlawful and discriminatory treatment to which the plaintiff had to endure was the direct result of the defendant's perception of the plaintiff as being a disabled individual, and said discriminatory treatment violated the ADA.

25. As a direct consequence of said disability based discrimination, plaintiff is

entitled to judgment against the defendant for all damages which she has incurred; for declaratory relief against defendant; for attorneys fees and costs, and for such other relief as the court deems proper and just under the circumstances.

## CLAIM III: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

26. Plaintiff incorporates herein by this reference each and every allegation, averment and statement contained in 1 through 17 of this complaint..

27. The disparate and discriminatory treatment to which the plaintiff was subjected, including not only the adverse work conditions and increased write ups by the defendant, but also the defendant's termination of the plaintiff's employment, amounted to unlawful age discrimination, in violation of the ADEA.

28. As a direct consequence of said violations of the ADEA, plaintiff is entitled to judgment against the defendant for all damages which she has incurred; for declaratory relief against defendant; for attorneys fees and costs, and for such other relief as the court deems proper and just under the circumstances.

## CLAIM IV: RETALIATION FOR EXERCISING RIGHTS UNDER ADA

29. Plaintiff incorporates herein by this reference each and every allegation, averment and statement contained in 1 through 17 of this complaint..

30. In retaliation for the plaintiff's request for accommodation under the ADA, the defendant not only began to impose additional work duties upon the plaintiff, and began to issue disciplinary write ups to the plaintiff, but also retaliated by terminating the plaintiff's employment.

31. As a direct consequence of said unlawful retaliation, plaintiff is entitled to judgment against the defendant for all damages which she has incurred; for declaratory relief against defendant;

for attorneys fees and costs, and for such other relief as the court deems proper and just under the circumstances.

WHEREFORE, plaintiff respectfully prays that this court:

A.  Issue a declaratory judgment that the acts, practices, and procedures of the defendants violated rights of the plaintiff under the American with Disabilities Act and the ADA;

B.  Issue a judgment against the defendant for all the damages which she has incurred, including back pay, future pay, lost benefits, and all compensatory damages to which the plaintiff is entitled;

C.  Issue a judgment against the defendant for any punitive and/or statutory damages to which the plaintiff is entitled due to the defendant's intentional violations of the rights of the plaintiff;

D.  Award plaintiff her reasonable attorneys fees, costs and expenses;

E.  Award to plaintiff such other and further relief as may be appropriate.

RANDLES, MATA & BROWN, L.L.C.

/s/Luis Mata
Luis Mata, KS #9003
406 West 34th Street, Suite 623
Kansas City, Missouri 64111
(816) 931-9901; (816) 931-0134 (FAX)
Attorneys for Plaintiff

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues in accordance with F.R.C.P.38.

/s/Luis Mata
Luis Mata

Plaintiff designates Kansas City, KS as place of trial.